IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert L. Stevenson, | ) C/A No: 1:10-2673-RMG-SVH |
|         Petitioner, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| M. Mitchell, | ) |
|         Respondent. | ) |

Petitioner Robert L. Stevenson is incarcerated at the Federal Correctional Institution in Cumberland, Maryland[1] and is serving a 23-year-to-life aggregate term of incarceration imposed by the Superior Court of the District of Columbia. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to have educational credit awarded for his industries work assignment toward his sentence and credit awarded toward his parole eligibility date.

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C. for a Report and Recommendation on Respondent's motion for summary

---

[1] Petitioner initially filed this action in the District Court for the District of Columbia, which appropriately transferred the matter to the District of South Carolina, within which he was incarcerated at the time. [Entry #1]. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000) (noting Section 2241 petition to be filed "in the district in which the prisoner is confined"). Although Petitioner has been transferred to FCI Cumberland, which is within the District of Maryland, jurisdiction remains proper in the District of South Carolina because the Fourth Circuit determines jurisdiction in Section 2241 habeas matters "at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction." *United States v. Edwards*, No. 93-7172, 1994 WL 285462, *1 (4th Cir. June 29, 1994).

judgment. [Entry # 15]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #16]. Petitioner filed a response [Entry #20], Respondent filed a reply [Entry #21], and Petitioner filed a surreply [Entry #22]. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion be granted.

I.      Procedural Background

Petitioner was sentenced in the Superior Court for the District of Columbia on January 16, 1997, to a term of 5 to 15 years each for Armed Robbery (in violation of D.C. Code § 22-2901), two counts of Possession of a Firearm during a Crime of Violence and Armed Burglary (both in violation of D.C. Code § 22- 3202), with the sentences to run consecutively except for the sentence on Armed Burglary, which was to run concurrently. [Entry #15-1 at 1  2, #15-3 at 1  2]. Petitioner was also sentenced on March 10, 1997, to a term of 8 years to life for Armed Robbery, with a mandatory minimum of 5 years. [Entry #15-1 at 2  3, #15-3 at 2]. These sentences arose out of an offense date of February 13, 1996 [Entry #15-1 at 1], and were imposed under the District of Columbia Omnibus Criminal Justice Reform Amendment Act of 1994 (OCJRAA), (D.C. Law 10-151, repealing D.C. Code § 24-428). Given his life term, Petitioner does not have an anticipated release date, but is eligible for parole. [Entry #15-1 at 3].

Petitioner was transferred to the custody of the Bureau of Prisons (BOP), pursuant to the D.C. Revitalization Act, D.C. Code § 24-101(a) and (b), which transferred all inmates incarcerated by the D.C. Department of Corrections to the BOP or a BOP-contracted facility. The Revitalization Act provides that the BOP is responsible for computing the sentences of D.C. offenders housed in BOP facilities. D.C. Code § 24-101(b). Moreover, such persons are "subject to any law or regulation applicable to persons committed for violations of laws of the United States consistent with the sentence imposed." *Id.* at § 24-101(a). Therefore, although the BOP is responsible for computing the sentences, including the award of good time credits, of D.C. offenders housed in its facilities, the District of Columbia Code (D.C. Code) continues to control the computation of such sentences.

II.     Discussion

    A.     Federal Habeas Issues

The United States District Court for the District of Columbia transferred this matter to the District of South Carolina on September 20, 2010, and construed it as a petition brought pursuant to 28 U.S.C. § 2241. In his petition, Petitioner raises the following grounds:

| | |
|---|---|
| Ground One: | The D.C. Code provides that a D.C. prisoner may receive educational good time credit for participating in the prison industries program. I work in the prison industries program but was denied these educational good time credits because the BOP said I was not eligible for them. I disagree. |
| Ground Two: | Omnibus Criminal Justice Reform Amendment Act states that a OCJRAA sentence can only receive educational good time credit. D.C. Code prisoners should earn these good time credits at a rate of no less than 3 day a month or no more than 5 day a |

3

|||
|---|---|
| | month. These day should be deducted from my parole eligibility date. I requested these days be deducted from my parole eligibility date but the BOP has refuse to do it. |
| Ground Three: | The warden of this institution and the Director of the Federal Bureau of Prisons has violated my due process rights by not allowing me an opportunity to earn educational good time credits, and violated my statutory rights by not deducting those credits from my parole eligibility date. |
| Ground Four: | I have requested that my educational good time credit and jail time credit be deducted from my parole eligibility date as mandated by statute but the BOP has obstinately refused to award this good time credit to me. |

Although stated under the various grounds above, Petitioner's complaint appears to be two-fold: 1) that he is entitled to educational good time (EGT) credit towards his D.C. sentences as a result of his participation in a prison industry work assignment, and 2) that he is entitled to some type of credit towards his parole eligibility date.

B.   Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

4

declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.    Habeas Corpus

        1.    Section 2241 Generally and Exhaustion Requirement

Generally, a habeas petitioner must present his claims to an appropriate forum before filing his petition in this court. This requirement of exhaustion is largely unavoidable. *Ex parte Hawk*, 321 U.S. 114, 117 (1944). "Unlike petitions brought under [28 U.S.C.] § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under § 2241

generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers." *Clemmons v. South Carolina*, C/A No. 0:08-607-RBH, 2008 WL 2845636, *1 (D.S.C. July 18, 2008).

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under Section 2241. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490 91 (1973) (requiring exhaustion in 28 U.S.C. § 2241 matter); *Timms v. Johns*, 627 F.3d 525 (4th Cir. 2010) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief.") (internal quotation marks omitted). Exhaustion allows prison officials to develop a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007).

The BOP has established an Administrative Remedy Program, 28 C.F.R. § 542.10, et seq., through which an inmate may seek formal review of issues or complaints relating to confinement. The BOP's Administrative Remedy Program is generally a four-step grievance procedure.[2] As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. *See* 28

---

[2] An exception to filing at all four levels of the process is provided for appeals of action taken by a DHO, in which event, "DHO appeals shall be submitted initially to the Regional Director for the region where the inmate is currently located." 28 C.F.R. 542, 14(d)(2). This exception allows the inmate to bypass filing an appeal at the institution level, with the appeal need only to be reviewed at the Regional and Central Office levels.

6

C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. *Id.* The inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests within 20 calendar days of the event giving rise to his complaint, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. *Id.*, § 542.14(d). The Warden of the institution (or the Regional Director) must respond to the inmate's Request within 20 days (or 30 days if submitted to the Regional Director). *Id.*, § 542.18. The inmate may appeal the Warden's decision within 20 days to the Regional Director on a BP-10. *Id.*, § 542.15(a) and (b). The inmate may appeal the Regional Director's decision within 30 days to General Counsel on a BP-11 form. *Id*. General Counsel has 40 days to respond to the inmate's appeal. *Id.*, § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. *Id.*, § 542.15(a) ("Appeal to the General Counsel is the final administrative appeal.").

    2.  Petitioner is Not Entitled to EGT Credit for his Prison Industry Work Assignment[3]

Petitioner contends that he should have received EGT credit for his prison industry work assignment. Eligibility for credit towards the sentence of a D.C. offender is dependent on the date of the offense(s) giving rise to the sentence(s). Here, Petitioner's offense date is February 13, 1996, and Petitioner was sentenced under the OCJRAA, effective in 1994. The OCJRAA

---

[3] Respondent concedes that Petitioner exhausted his administrative remedies as to availability of ECT credits. [Entry #15 at 2 3, #15-2].

7

repealed the District of Columbia Good Time Credits Act of 1986 (D.C. Code § 24-428, *et seq.*), which formerly allowed institutional and educational GTC to be applied against minimum sentences for certain non-violent crimes. However, no GTC is available for any OCJRAA sentence. *See* Program Statement 5880.33, *D.C. Sentence Computation Manual*, § 13.1 (noting no GTC for D.C. sentence on offense committed on or after June 22, 1994). [Entry #15-4 at 8].

The only credit that Petitioner is eligible to receive is EGT credit, as follows:

> (a) Every person whose conduct complies with institutional rules and who demonstrates a desire for self-improvement by successfully participating in an academic or vocational program, including special education and Graduate Equivalency Diploma programs, shall earn educational good time credits of no less than 3 days a month and not more than 5 days a month.
>
> (b) Educational good time credits authorized by the provisions of this section shall be applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole and to the person's maximum term of imprisonment to determine the date when release on parole becomes mandatory.

D.C. Code § 24-221.01 (as amended April 11, 1987) (formerly cited as D.C. Code 1981 § 24-429).

The D.C. Code also provides that EGT credits shall not be applied to the minimum terms of persons sentenced for certain types of offenses, including those convicted of crimes of violence and armed offenses, as in Petitioner's case. *See* D.C. Code § 24-221.06. Therefore, any EGT credit Petitioner is eligible to earn under the D.C. Code cannot be applied to his mandatory minimum terms for parole eligibility purposes. *Id.; see also* BOP Program Statement re EGT Sentence Credit for D.C. Code Offenders (indicating offenders violating D.C. Code § 22-3202, among other sections, not eligible for EGT credits to be applied to minimum term of

8

imprisonment). [Entry #15-5 at 7 8].

Petitioner correctly argues that the D.C. Code provides that a D.C. prisoner may receive educational good time credit for participating in the prison industries program. However, this statute does not provide that a D.C. prisoner must receive such credit for participating in the prison industries program. As the Program Statement 5880.33 states in Section 13.1(d):

> For information purposes, on May 8, 1996, a Prison Industries was authorized to be established within the DCDC under the provisions of §§ 24-458.1-458.15. Subsection § 24-458.8(g) provides that a prisoner may receive educational good time credit for participating in the prison industries program pursuant to § 24-429. As of the publication date of this manual, DCDC had established no program to implement this provision so it is unlikely that DCEGT credits will have been awarded to a DCDC prisoner for participation in a DCDC Prison industries program..

[Entry #15-4 at 9]. The language of the statute is permissive, rather than mandatory. *Id.* Further, the District of Columbia did not implement a system of providing EGT credits to participants in Prison Industries. *Id.* Petitioner is not entitled to educational good time credit for his participation in the prison industries program. Therefore, the undersigned recommends that Respondent's motion for summary judgment be granted as to this claim.

       3.      Petitioner Failed to Exhaust his Claim for GTC towards Parole Eligibility

Petitioner also claims he was denied GTC towards his parole eligibility date. Respondent argues that this claim of the petition should be dismissed because Petitioner did not exhaust his administrative remedies before proceeding in federal court, and that his failure to exhaust should not be excused. [Entry #15 at 3].

Respondent submitted Petitioner's Request for Administrative Remedy and appeals. [Entry #15-2]. The documents reveal that Petitioner's request concerned whether he was denied EGT credit for his participation in the prison industries program. In these administrative documents, Petitioner did not raise the issue of GTC towards his parole eligibility date, and therefore, it appears he has not exhausted his BOP administrative remedy process regarding that issue. *Id.* Based on a review of the record, the undersigned recommends finding that Petitioner failed to properly exhaust his administrative remedies with respect to the issue of GTC towards his parole eligibility date prior to initiating the above action.

Next, the undersigned considers whether Petitioner should be excused from the exhaustion requirement. Exhaustion may be excused under certain circumstances, such as by a showing of futility or irreparable injury. The undersigned finds no valid reason to waive the BOP exhaustion requirement. The BOP needs the opportunity to correct its own alleged error and possibly grant relief to Petitioner, and the BOP needs to develop a factual record and apply its expertise to the situation. *See Moscato v. Fed. B.O.P.*, 98 F.3d 757, 761 (3d Cir. 1996) (explaining three reasons to require exhaustion), *cited with approval by Watkins v. Compton*, 126 Fed. App'x 621 (4th Cir. 2005) (unpublished). Petitioner's general argument that he should not have to file separate grievances that parallel each claim in his Petition [Entry #22 at 2], does not suffice to excuse his failure to exhaust his remedies.

Even if Petitioner were able to establish good cause for his failure to exhaust his claim that he was entitled to GTC towards his parole eligibility date, he has not established that he is

entitled to habeas relief. As discussed above, the D.C. Code provides that EGT credits shall not be applied to the minimum terms of those convicted of crimes of violence and armed offenses, as in Petitioner's case. *See* D.C. Code § 24-221.06. Therefore, any EGT credit Petitioner is eligible to earn under the D.C. Code cannot be applied to his mandatory minimum terms for parole eligibility purposes. *Id.*

Based on Petitioner's failure to exhaust his administrative remedies with respect to the issue of GTC towards his parole eligibility date, the undersigned recommends that Respondent's motion for summary judgment be granted on that issue. Further, even if this issue were considered on its merits, the undersigned recommends that Respondent's motion for summary judgment be granted.

III. Conclusion

For the foregoing reasons, it is recommended that Petitioner's habeas petition be dismissed and Respondent's Motion for Summary Judgment be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

July 26, 2011
Florence, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**