IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC. CLERK, CHARLESTON, SC

2011 AUG 17 P 3:28

| | |
|---|---|
| Robert L. Stevenson,<br><br>    Petitioner,<br><br>vs.<br><br>Mary M. Mitchell, Warden,<br><br>    Respondent. | Civil Action No.: 1:10-cv-2673-RMG<br><br>**ORDER** |

This matter is before the Court on a *pro se* petition for a writ of habeas corpus filed pursuant to 42 U.S.C. § 2241. Petitioner alleges that the Federal Bureau of Prisons has refused to award him educational good time ("EGT") credit which he earned through working in the Prison Industries Program. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), DSC, this matter was referred to the United States Magistrate Judge for pre-trial proceedings and a Report and Recommendation. Respondent filed a motion for summary judgment, and the Magistrate Judge has issued a Report and Recommendation which recommends that Respondent's motion be granted. (Dkt. No. 24.) Petitioner has filed objections to the Report and Recommendation. (Dkt. No. 29.) As explained herein, this Court has conducted a *de novo* review of the record and agrees with the Magistrate Judge's conclusion that Petitioner's claims fail as a matter of law. Therefore, Respondent's motion for summary judgment is granted.

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This

1

Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

In the present case, Petitioner has received seventy-nine days of EGT credit, as reflected on his "Sentence Monitoring, Good Time Data" sheet which Respondent attached as Exhibit F to her motion for summary judgment. (Dkt. No. 15, Ex. F.) Petitioner argues that he should receive additional EGT credit based on his work in the Prison Industries Program. (Dkt. No. 1, at 5; Dkt. No. 29, at 3-6.) Specifically, Petitioner argues that the relevant statutes from the District of Columbia Code should be interpreted as requiring, rather than permitting, the award of EGT credit based on his work in the Prison Industries Program. (Dkt. No. 29, at 4.) Petitioner argues that a genuine issue of material fact exists with regard to the correct interpretation of these statutes. (*Id.* at 3.)

Issues of statutory interpretation are questions of law which the court may properly resolve on summary judgment. *See, e.g., U.S. v. West Virginia*, 339 F.3d 212, 214 (4th Cir. 2003) ("Because this dispute ultimately turns entirely on a question of statutory interpretation, the district court properly proceeded to resolve the case on summary judgment.") As correctly pointed out in Respondent's motion for summary judgment, the District of Columbia is not required to award EGT credit to prisoners based on their work in the Prison Industries Program. The District of Columbia Code states, in relevant part: "Each prisoner *may receive* educational

2

good time credit for participating in the prison industries program pursuant to § 24-221.01. D.C. Code Ann. § 24-231.08(g) (emphasis added). The legislature's use of the word "may," as opposed to "shall," gives prisons the right, but not the obligation, to award EGT credit to prisoners based on their work in the Prison Industries Program. Pursuant to Section 13.1(d) of the District of Columbia Program Statement number 5880.33, the District of Columbia does not give any prisoners EGT credit based on their work in the Prison Industries Program. (*See* Dkt. No. 15-4, at 9.) The District of Columbia's decision not to give prisoners EGT credit based on their work in the Prison Industries Program is allowed by the permissive language used in Section 24-231.08(g) of the District of Columbia Code. Thus, Petitioner's claim that he should receive additional EGT credit for his work in the Prison Industries Program fails as a matter of law, and Respondent is entitled to summary judgment.

In Petitioner's Response to Respondent's Motion for Summary Judgment, Petitioner raises the additional argument that he is entitled to credit for time that he was incarcerated in 1996. (*See* Dkt. No. 20, at 2, 6). Petitioner is barred from seeking habeas corpus relief with regard to this claim because he has not exhausted his administrative remedies. *See Timms v. Johns*, 627 F.3d 525, 530-31 (4th Cir. 2010) (holding that a prisoner must exhaust his administrative remedies prior to pursuing habeas corpus relief pursuant to 28 U.S.C. § 2241). In his Sur-reply, Petitioner argues that he does not agree with the exhaustion requirement, but he provides no explanation for his failure to exhaust his administrative remedies as to this new claim. (*See* Dkt. No 22, at 2.) In his objections to the Magistrate's Report and Recommendation, Petitioner contends that "he believed that he did not have to exhaust like a federal inmate" "due to the fact that he was a D.C. Code offender." (Dkt. 29, at 5.) This Court

sees no reason to excuse Petitioner from the exhaustion requirement, and Petitioner is barred from pursuing this additional claim prior to exhausting his administrative remedies.

## CONCLUSION

After a thorough review of the record and the relevant case law, this Court finds that no genuine issue of material fact exists with regard to Petitioner's claims. Therefore, Respondent's Motion for Summary Judgment is **GRANTED**.

### Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is **denied.**

4

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Court Judge

August 17, 2011
Charleston, South Carolina